NOT DESIGNATED FOR PUBLICATION

No. 113,078

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF PRATT,
*Appellee*,

v.

LUCA MATEI,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed February 5, 2016. Affirmed.

*Luca Matei*, appellant pro se.

*Kenneth Van Blaricum*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*:  When the City of Pratt moved to dismiss a municipal court charge of battery against Defendant Luca Matei that was on appeal in the Pratt County District Court, he filed a motion to recover for financial losses he attributed to the prosecution. The district court granted the City's motion to dismiss and denied Matei's motion for costs and other expenses. Matei has appealed. We affirm.

In 2014, Matei was convicted of battery in municipal court. He appealed the conviction to the district court and filed an array of pretrial motions. Shortly before the scheduled district court trial, the City moved to dismiss the case. Matei then filed a

motion to recover from the City costs for his own time in defending against the charge, lost income he attributed to the prosecution, and punitive damages. The district court ruled it had no authority to grant the sort of relief Matei requested as part of the criminal case and denied the motion. Matei has appealed that ruling.

The district court is right. When defendants are convicted in municipal court, they may appeal to the district court and get a new trial. As provided in K.S.A. 22-3611, the district court may impose costs on defendants convicted on retrial of the municipal court charges. There is no comparable statutory authority to award compensation to defendants in criminal appeals when they prevail on retrial or the municipality dismisses the charges before retrial.

To the extent Matei might have a remedy, it would lie in an independent civil action.

Affirmed.